UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1270

MAURICE CHOUPOU KENLAK,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A73-703-35)

Submitted: January 28, 2004       Decided: February 12, 2004

Before WILKINSON, LUTTIG, and DUNCAN, Circuit Judges.

Petition dismissed in part, denied in part, by unpublished per curiam opinion.

Danielle L.C. Beach-Oswald, NOTO & OSWALD, P.C., Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Jamie M. Dowd, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Maurice Choupou Kenlak,[1] a native and citizen of Cameroon, seeks review of a decision of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his application for asylum and withholding of deportation. We have reviewed the administrative record and the opinion of the Board and find that substantial evidence supports the conclusion that Kenlak failed to establish past persecution or a well-founded fear of future persecution in a protected category, as necessary to qualify for relief from deportation. See 8 U.S.C. § 1105a(a)(4) (1994);[2] 8 C.F.R. § 1208.13(b) (2003). Thus, the record supports the Board's conclusion that Kenlak failed to establish eligibility for asylum.

Additionally, we uphold the Board's denial of Kenlak's application for withholding of deportation. The standard for receiving withholding of deportation is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear

[1]The case of Kenlak's wife, Victorine M. Tange, was consolidated with his below. Kenlak applied for asylum or withholding of deportation with Tange listed as a dependant; both applied for suspension of deportation or voluntary departure.

[2]Although 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-128, 110 Stat. 3009, effective April 1, 1997, because this case was in transition at the time the IIRIRA was passed, § 1105a(a)(4) is applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

probability of persecution.  <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987).  As Kenlak has failed to establish refugee status, he cannot satisfy the higher standard for withholding of deportation.

Kenlak seeks to appeal the Board's decision denying suspension of deportation under former INA § 244(a), 8 U.S.C. § 1254(a) (1994).  Section 309(c)(4)(E) of the transitional rules provides that "there shall be no appeal of any discretionary decision under section . . . 244."  This court "may review all aspects of the BIA's decision except those that are committed to its discretion by law."  <u>Okpa v. INS</u>, 266 F.3d 313, 317 (4th Cir. 2001).  Any "decision with respect to whether extreme hardship is established is a discretionary one [that the Court] may not review."  <u>Id.</u>  Here, the immigration judge denied the application for suspension of deportation based on his finding that Kenlak failed to demonstrate extreme hardship; the Board affirmed on that ground.  Thus, the decision is not reviewable.

Finally, Kenlak challenges the Board's denial of his motion to remand for consideration under the Convention Against Torture.  This court reviews the Board's denial of a motion to remand for abuse of discretion.  <u>Malhi v. INS</u>, 336 F.3d 989, 993 (9th Cir. 2003).  The Board abuses its discretion when it "fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim."  <u>Id.</u> (internal

quotation omitted).  We conclude that the Board did not abuse its discretion in this case.

Accordingly, Kenlak's petition for review is dismissed for lack of jurisdiction as to the suspension of deportation claim, and denied as to the denial of asylum, withholding, and motion to remand.  We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART, DENIED IN PART